UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON MARIE FERNANDES,

      Plaintiff,

v.                                                                                  Case No:   6:21-cv-1829-DAB

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## MEMORANDUM OF DECISION

Sharon Fernandes ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability and disability insurance benefits protectively filed on December 19, 2019, and alleging a disability onset date of July 15, 2019. Doc. No. 1; R. 18. Claimant argues that the Administrative Law Judge ("ALJ") insufficiently considered her credibility and subjective complaints. Doc. No. 22 at 10-15. Because Claimant did not demonstrate reversible error by the ALJ, the final decision of the Commissioner is **AFFIRMED.**

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the

existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.    ANALYSIS.

On January 13, 2021, an ALJ held a telephonic hearing where Claimant and a vocational expert ("VE") testified. R. 37-77. On February 22, 2021, the ALJ found

that Claimant had the following severe impairments: (1) lumbar spine degenerative disc disease status post laminectomy at L4 with fusion at L4-5 bilaterally; (2) disc herniations at C3-4, C5-6, and C6-7 with annular fissure; (3) right hip arthrosis; and (4) partial avulsion fracture of the right hamstring tendon. R. 20. Despite these impairments, the ALJ found that Claimant had the residual functional capacity ("RFC")

> to lift and carry up to 10 pounds occasionally and less than 10 pounds frequently, can stand and/or walk for 6 hours of an 8-hour workday, and can sit for 6 hours of an 8-hour workday. The claimant can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally stoop, kneel, crouch, and crawl, and frequently balance on level surfaces and occasionally balance on uneven surfaces. The claimant can tolerate occasional exposure to extreme cold and humidity and should have no exposure to hazards.

R. 23. Claimant was born in 1968 and 50 years old on the alleged disability onset date. R. 27.

Relying on the VE's testimony, the ALJ found that, although Claimant could not perform her past relevant work as an emergency medical technician and medical assistant, she could perform other work in the national economy, such as a hospital admitting clerk. R. 27-28. After considering all of the evidence, the ALJ found that Claimant was not disabled from July 15, 2019, through February 22, 2021, the date of the ALJ's decision. R. 28.

In so finding, the ALJ reviewed Claimant's allegations in her decision:

> In her initial disability report, the claimant alleged she is unable to work due to a back fusion nerve damage, laminectomy, anemia, avulsion tendon, sciatic nerve pain, sleep apnea, depression, ADHD, and asthma. The claimant later alleged her pain was worse after her surgery; walking, sitting, and laying [sic] down cause severe pain to the lower back and left leg; she is unable to lift more than 15 to 20 pounds; she has numbness in her bilateral thumbs; and her mental capacity has declined. At the hearing, the claimant testified she lives with her boyfriend, and she drives a few times a month. The claimant testified she has an active nursing license. The claimant testified she stopped working when her back surgery was initially scheduled and she was unable to return to work after four months, so they asked her to resign. The claimant testified she had trouble with balance, she drops things, she has weakness, and she has no strength in her hand. She testified she can stand less than ½ hour, she cannot sit back against anything, she can lift 10 to 15 pounds, and she has limited range of motion in her neck.

R. at 24 (citations omitted) (citing R. 228-36, 269-77); *see* R. 45-62.

The ALJ found that "[t]he claimant's allegations of additional limitations are not consistent with the record." R. 25-26. "First, the record reflects the claimant's condition and functioning improved with physical therapy after her surgery." R. 26 (citing R. 351-63). "On January 9, 2020, the claimant had no focal deficits, normal sensation in her extremities, and a normal gait." R. 26 (citing R. 364-408). "Moreover, the claimant relies on over-the-counter pain medication with an occasional muscle relaxer to treat her symptoms." R. 26 (citing R. 529-35). "Finally, the undersigned acknowledges the claimant has been unable to work in her former occupations, but the claimant's daily activities, to wit: drive, cook, do crafts, and live alone, suggest she is capable of performing within the above residual

functional capacity." R. 26 (citing R. 242-48, 425-28). The ALJ found that Claimant's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. 24.

Claimant argues that "[t]he ALJ's reasons for rejecting [her] testimony regarding her pain and limitations are not based on the correct legal standards or supported by substantial evidence." Doc. No. 22 at 12. In response, the Commissioner contends that the ALJ properly evaluated Claimant's subjective complaints under the regulations and Eleventh Circuit case law. *Id.* at 15-19.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam)). The ALJ must consider

"all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors." *Costigan v. Comm'r, Soc. Sec. Admin.*, 603 F. App'x 783, 786 (11th Cir. 2015) (per curiam) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984) (per curiam)). If an ALJ discredits the subjective testimony of a claimant, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam) (citation omitted). The Court "will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Foote*, 67 F.3d at 1562).

In evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms. *Sarli v. Berryhill*, 817 F. App'x 916, 918 (11th Cir. 2020) (per curiam) (citing 20 C.F.R. §§ 404.1529(c)(3),

416.929(c)(3)). "The ALJ is to consider these factors in light of the other evidence in the record." *Id.* (citing §§ 404.1529(c)(4), 416.929(c)(4)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223.

"Effective March 28, 2016, SSR 16-3p rescinded a previous SSR on credibility of a claimant." *Amburgey v. Acting Comm'r of Soc. Sec.*, No. 3:20-cv-627-PDB, 2022 WL 950643, at *5 (M.D. Fla. Mar. 30, 2022) (citing SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (republished)). "The SSR removed 'credibility' from policy because the regulations do not use that term." *Id.* (citing SSR 16-3p, 2017 WL 5180304, at *2). "The SSR clarified that 'subjective symptom evaluation is not an examination of an individual's character.'" *Id.* (quoting same). "Instead of assessing credibility, an ALJ must consider 'the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record.'" *Id.* (quoting same).

Claimant contends that "[t]he ALJ's finding that [her] 'condition and functioning improved with physical therapy after her surgery' is belied by the medical evidence of record. Doc. No. 22 at 13; *see* R. 26. "The ALJ's finding ignores significant medical evidence that reveals [Claimant's] condition in fact worsened after her surgery." Doc. No. 22 at 12. Although Claimant "cites portions of the record favorable to [her] argument," the Court's "standard of review does not

allow [it] to reweigh evidence in the manner [Claimant] would like." *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766, 778 (11th Cir. 2019) (per curiam). The Court's "inquiry is whether the ALJ pointed to sufficient relevant evidence such that a reasonable person would accept the ALJ adequately supported her conclusion." *Id.* (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Here, even if a reasonable person might find [Claimant] has marshaled enough evidence to support [her] position, a reasonable person—maybe even the same reasonable person—could still find the ALJ adequately supported her conclusion." *Id.* The ALJ thus did not commit reversible error. *See id.*

Claimant next argues that the ALJ's additional reason for rejecting her testimony (that she "relies on over-the-counter pain medication with an occasional muscle relaxer to treat her symptoms") is not based on the correct legal standards or supported by substantial evidence. She contends that the ALJ did not consider "possible reasons [she] may not comply with treatment or seek treatment consistent with the degree of [her] complaints" and so the ALJ failed to comply with SSR 16-3p. Doc. No. 22 at 13 (quoting SSR 16-3p, 2017 WL 5180304, at *9)).

First, Claimant maintains that the ALJ did not consider her testimony that "she did not like taking prescription pain medication due to the way it made her feel but would take Neurontin once in a while when her pain got bad." *Id.* (citing R. 59-60). However, "the ALJ addressed the matter of medication side effects

- 8 -

specifically with [Claimant] at the hearing" (R. 59-60) and "stated in her decision that she considered all of [Claimant's] symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other portions of the record." *Morrison v. Kijakazi*, No. 8:20-cv-1827-CPT, 2022 WL 970201, at *7 (M.D. Fla. Mar. 31, 2022); *see* R. 23 (citing 20 C.F.R. § 404.1529; SSR 16-3p)). "These findings are sufficient to show that the ALJ properly evaluated [Claimant's] medication side effects." *Morrison*, 2022 WL 970201, at *7 (citing *Robinson v. Comm'r of Soc. Sec.*, 649 F. App'x 799, 802 (11th Cir. 2016) (per curiam)).

Second, Claimant argues that the ALJ failed to consider that she did not have health insurance and that "poverty excuses noncompliance." Doc. No. 22 at 14 (quoting *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)). "The Eleventh Circuit has held that 'refusal to follow prescribed medical treatment without a good reason will preclude a finding of disability, but poverty excuses noncompliance.'" *Aldoph v. Comm'r of Soc. Sec.*, No. 2:17-cv-425-FtM-MRM, 2018 WL 3853962, at *8 (M.D. Fla. Aug. 14, 2018) (quoting *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam)). "If a plaintiff fails to comply with prescribed treatment, then the ability to afford medication is a factor that should be considered in the administrative process." *Id.*; *see* SSR 16-3p, 2017 WL 5180304, at *9-10. When "an ALJ relies on noncompliance with prescribed medical

treatment as the 'sole ground for the denial of disability benefits,' and the record contains evidence that a plaintiff was unable to afford the prescribed medical treatment, then the ALJ must determine whether a plaintiff could afford the prescribed medical treatment." *Aldoph*, 2018 WL 3853962, at *8 (quoting *Ellison*, 355 F.3d at 1275). "If a court determines that the failure to follow prescribed medical treatment is not one of the 'principal factors in the ALJ's decision,' then the ALJ is not required to delve into a plaintiff's ability to pay, and this failure is not reversible error." *Id.* (quoting *Brown v. Comm'r of Soc. Sec.*, 425 F. App'x 813, 817 (11th Cir. 2011) (per curiam)). "If the failure to follow prescribed medical treatment is a substantial factor in an administrative law judge's decision to discredit a plaintiff's credibility, then the ALJ should inquire further as to whether a plaintiff was able to afford the prescribed medical treatment before holding noncompliance against a plaintiff." *Id.* (citing *Moffatt v. Comm'r of Soc. Sec.*, No. 8:13-cv-2853-T-36EAJ, 2015 WL 1038014, at *4 (M.D. Fla. Mar. 10, 2015)).

Here, "unlike in *Dawkins*, the ALJ's determination that [Claimant] was not disabled was not significantly based on a finding of noncompliance." *Ellison*, 355 F.3d at 1275; *see Aldoph*, 2018 WL 3853962, at *8. Rather, the ALJ focused on the medical evidence of record, Claimant's daily living activities, and the prior administrative medical findings of the state agency medical consultants (R. 24-27). *See Aldoph*, 2018 WL 3853962, at *9. "Moreover, as the ALJ expressly stated, [she]

based [her] finding of 'not disabled' on testimony of a VE and [Claimant's] RFC, age, educational background, and work experience" (R. 27-28). *Ellison*, 355 F.3d at 1275. "Accordingly, [Claimant's] reliance on *Dawkins* is misplaced, and the ALJ's failure to consider [Claimant's] ability to afford [treatment] does not constitute reversible error." *Id.* (citing *Dawkins*, 848 F.2d at 1212-14).

Claimant finally argues to no avail that the ALJ erred in relying on her daily living activities to discount her subjective allegations (Doc. No. 22 at 14-15). *See Lynn v. Comm'r of Soc. Sec.*, 791 F. App'x 888, 889 (11th Cir. 2020) (per curiam) (determining that substantial evidence supported ALJ's finding that claimant's subjective complaints were inconsistent with objective medical evidence and other aspects of claimant's testimony, including her activities of operating a motor vehicle, preparing meals, performing household chores, doing laundry, and grooming herself); *Moore v. Barnhart*, 405 F.3d 1208. 1212 (11th Cir. 2005) (per curiam) (upholding ALJ's credibility determination, which relied on inconsistencies between claimant's "descriptions of her diverse daily activities and her claims of infirmity"). And Claimant does not argue that the ALJ failed to consider the extent to which she could perform her activities of daily living. *Cf. Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (per curiam).

Substantial evidence supports the ALJ's finding that Claimant's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not

entirely consistent with the medical evidence and other evidence in the record." R. 24.

Again, even if the Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Because substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case, the Court affirms the Commissioner's final decision.

### III. CONCLUSION.

From the record, it is apparent that Claimant suffers from various conditions that negatively affect her enjoyment of life and, to some degree, her daily activities. The presence of Claimant's adverse circumstances, however, is not the issue before the Court. Rather, the issue is whether, under the standards applicable to review of ALJ decisions applying the provisions of the social security statutes and regulations, there has been reversible error.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on July 28, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson, Esq.
Suite E
3200 Corrine Drive
Orlando, FL 32803

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Megan Gideon, Branch Chief
Jennifer L. Patel, Assistant Regional Counsel
Nadine Elder
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, GA 30303

The Honorable Sylvia H. Alonso
Administrative Law Judge
Office of Hearings Operations
Suite 1000, 10th Floor
500 East Broward Blvd.
Ft. Lauderdale, FL 33394-9978

- 14 -